IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antonio Gordon, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 8:10-cv-2578-MBS-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 23.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 5, 2010 [Doc. 1] and filed amended petitions on December 2 and 13, 2010 [Docs. 10, 16]. On February 4, 2011, Respondent moved for summary judgment. [Doc. 23.] On April 15, 2011, Petitioner filed a response in opposition to Respondent's motion for summary judgment. [Doc. 37.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

On October 15, 1998, Petitioner was indicted for murder, three counts of possession of a firearm during the commission of a violent crime, two counts of attempted armed

robbery, possession of a firearm by a person under twenty-one, and criminal conspiracy. [App. 510–11, 516–17, 519, 522–23, 525, 528–29, 532–33; *see also* App. 368–69.] On July 16, 1999, the court held a *Jackson v. Denno* hearing regarding Petitioner's statements to the police. [App. 199–355.] On July 19, 1999, Petitioner pled guilty as charged. [App. 368–84.] Petitioner was sentenced to thirty years imprisonment for murder, five years for each count of possession of a weapon during the commission of a violent crime, ten years for each count of attempted armed robbery, five years for criminal conspiracy, and five years for possession of a weapon by a person under twenty-one years of age—all sentences to run concurrent, except for one armed robbery sentence to run consecutive, for a total of forty years imprisonment. [App. 398–99.]

**Direct Appeal**

A timely notice of appeal was filed on Petitioner's behalf and an appeal was perfected; a Final *Anders* Brief of Appellant was filed on July 18, 2000. [Doc. 21-1.] Petitioner also filed a pro se brief with the South Carolina Court of Appeals. [Doc. 21-2.] The Court of Appeals dismissed the appeal and granted counsel's request to be relieved. [Doc. 21-3; App. 507–08.] No petition for rehearing was made to the South Carolina Court of Appeals, and no petition for writ of certiorari was filed with the South Carolina Supreme Court. The Court of Appeals issued remittitur on January 9, 2001. [Doc. 21-4.]

**First PCR Application**

On June 15, 2000, prior to the conclusion of the direct appeal, Petitioner filed an application for post-conviction relief ("PCR"). [App. 401–05.] In the application, Petitioner asserted as his ground for relief "ineffective assistance of counsel pursuant to family court

2

matters." [App. 402.] Petitioner filed another PCR application on August 21, 2001, asserting as his grounds for relief (1) ineffective assistance of counsel, (2) involuntary guilty plea, (3) lack of subject matter jurisdiction, and (4) denial of severance motion. [App. 406–13.] Subsequently, Petitioner moved to amend the application. [App. 414–30.] On February 8, 2002, the PCR court issued an order consolidating the two applications into one action.[1] [App. 435–36.]

An evidentiary hearing into the matter was held on July 29, 2003. [App. 437–93.] The Petitioner was present at the hearing and was represented. [App. 437–38.] At the outset of the hearing, Petitioner's PCR counsel refined Petitioner's allegations to assert that Petitioner's trial counsel was ineffective in preparing the case for trial and that it was Petitioner's trial counsel's lack of preparation and failure to pursue certain matters that led to Petitioner's fear to exercise his right to trial by jury and directly affected his ultimately yielding to his trial counsel's desire that Petitioner plead guilty and waive his right to a jury trial. [App. 441–42.] At the conclusion of the hearing, the PCR judge orally denied relief. [App. 489–91.] A written order was entered on August 18, 2003. [App. 494–505.] In the order, the PCR court dismissed Petitioner's PCR application and denied relief, finding Petitioner failed to show his trial counsel was constitutionally ineffective. [*Id.*]

Petitioner appealed from the denial of relief to the South Carolina Supreme Court; on July 19, 2004, Petitioner's appellate PCR counsel submitted a *Johnson* petition for writ of certiorari, asserting as the sole arguable ground for relief:

> Was defense counsel ineffective for failing to advise petitioner
> that by pleading guilty to murder he was waiving right to

---

[1] The Court will refer to the consolidated PCR actions as Petitioner's first PCR application.

3

challenge the voluntariness of his statement since the police would not allow his attorney to see him during the interrogation despite his demands, and this was a meritorious appellate issue?

[Doc. 21-5.]  On July 21, 2005, the South Carolina Supreme Court entered an order denying the petition and granting counsel's request to be relieved.  [Doc. 21-6.]  Remittitur issued on August 9, 2005.  [Doc. 21-7.]

**Second PCR Application**

Petitioner filed a second PCR application on July 6, 2004.  [Doc. 21-8.]  In this application, Gordon alleged the following as his grounds for relief: (1) "Violation of Due Process of law 5th Amendment"; (2) "Violation of Equal Protection of the law 14th Amendment"; (3) "Lack of subject matter Jurisdiction."  [*Id.* at 2.]  On December 30, 2004, the PCR court entered a conditional order of dismissal, concluding the application was successive and untimely.  [Doc. 21-10.]  On May 20, 2005, the PCR court entered a final order of dismissal, adopting the conditional order of dismissal because Petitioner failed to provide the court with any reason why the conditional order should not become the final order.  [Doc. 21-11.]  No appeal was taken from this order.

**First § 2254 Petition**

On November 22, 2005, Petitioner filed his first federal habeas action.  [Doc. 21 at 12; *see Gordon v. Rushton*, 2:05-3327-MBS-RSC.]  The respondent made a return to the first habeas action on March 13, 2006, and the respondent made a supplemental return on September 22, 2006, which included information about Petitioner's pro se petition for writ of habeas corpus filed in York County, South Carolina on January 3, 2006.  [Doc. 21 at 14; Doc. 21-12.]  On October 16, 2006, the magistrate judge entered a report and

4

recommendation regarding the petition. [Doc. 21 at 14.] On October 30, 2006, Petitioner made objections to the report. [*Id.* at 16.] On February 14, 2006, before the District Court issued any order in the case, Petitioner wrote a letter to the magistrate judge, asserting that Petitioner had filed a state habeas action in York County that was still pending. [*Id.*] Petitioner requested the court to dismiss his federal petition without prejudice until the state court ruled on his habeas petition, which would give Petitioner the opportunity to fully exhaust his state remedies. [*Id.*] The District Court entered a text order on February 16, 2007, granting the motion to dismiss without prejudice to allow Petitioner to exhaust all state remedies. [*Id.*] Judgment was entered on February 16, 2007. [*Id.*]

**Habeas Petition in South Carolina Circuit Court**

Petitioner filed a pro se petition for writ of habeas corpus in York County, South Carolina on January 3, 2006. [Doc. 21-12.] On May 1, 2006, the State filed a return and motion to dismiss petition for writ of habeas corpus. [Doc. 21-13.] Petitioner moved to amend the state habeas corpus action on January 23, 2007, to which he attached two witness statements[2] given to law enforcement on July 23, 1998, the day Petitioner was arrested. [Doc. 21-14.] Petitioner alleged the police did not have probable cause to arrest him because the police relied on the witness' statement that she gave as a result of being threatened outside the presence of her parents. [*Id.*] Petitioner asserted the police should not have questioned the witness, who was a minor, outside the presence of her attorney or parents and that because she was the "probable cause provider," the witness' statements, Petitioner's statement, and Petitioner's arrest were all unlawful. [*Id.*]

---

[2] The statements appear to be given by the same witness.

5

On June 1, 2007, the Circuit Court filed an order of dismissal with prejudice. [Doc. 21-15.] The court found that the issues raised in the petition were claims that were not available in a habeas petition in the Circuit Court and "could have been raised in a postconviction action and to a large extent were raised in his PCR action." [*Id.* at 4.] Petitioner subsequently made a Rule 60 motion [Doc. 21-16], and on January 31, 2008, the court granted the Rule 60(b) motion, amending and clarifying the original order to read "that Petitioner is without prejudice to bring a Habeas Corpus Petition in the original jurisdiction of the South Carolina Supreme Court." [Doc. 21-18.] No appeal was taken from this action.

**Third PCR Application**

On December 19, 2008, Petitioner filed a third PCR application. [Doc. 21-19.] He amended the application on May 19, 2009. [Doc. 21-20.] Petitioner attached to the amendment the two written statements given by the witness, which he had attached to his state habeas petition [*id.* at 30–33], as well as a statement given by the witness and a statement given by the witness's mother on January 20, 2008 [*id.* at 34–35]. The January 2008 statements were given to an investigator who interviewed the witness and her mother on Petitioner's behalf. [*See id.*] In this PCR application, Petitioner alleged that he was being unlawfully held in custody for the following reasons: (1) "Newly Discovered Evidence/Ineffective Assistance of Trial Counsel/Prosecutorial Misconduct/Brady Violation/Involuntary Guilty Plea"; (2) "Defense counsel failed to challenge applicant's statement[s] on the ground that there was no probable cause for the arrest and that

6

applicant['s] statement[s were] the fruit of the poisonous tree with regard to the illegal arrest"; and (3) "Lack of Personal Jurisdiction." [*Id.* at 9.]

The PCR court issued a conditional order of dismissal on August 24, 2009, in which the PCR judge expressed the intent to summarily dismiss the application because Petitioner failed to comply with the filing procedures of the Post-Conviction Procedure Act as set forth in S.C. Code Ann. §§ 17-27-45(A) and -90, and the application was an improper successive action. [Doc. 21-22.] The court gave Petitioner twenty days to show why the order should not become final. [*Id.* at 8.] On November 19, 2009, the State filed a motion to restrict future filings pursuant to *In re Theron Maxton*, 478 S.E.2d 679 (S.C. 1996). [Doc. 21-23.] Petitioner did not file a response to the conditional order of dismissal.

A hearing into the State's motion for summary dismissal was convened on December 1, 2009, and Petitioner was represented at the hearing. [Doc. 21-24.] At the hearing, Petitioner, through counsel, acknowledged that he filed a lengthy application in this case, and that he was only proceeding at the hearing with the newly discovered evidence claim, regarding the witness' statements, and with an issue regarding the palm print found on the victim's car. [*Id.* at 4–5.] The PCR court orally denied relief, finding Petitioner's PCR application was procedurally barred as successive and untimely, and the court further found the alleged new evidence was not new. [*Id.* at 85–89.]

The PCR court filed its written order of dismissal on January 25, 2010. [Doc. 21-25.] In summary, the PCR court concluded:

> Based on the foregoing, this Court finds and concludes that the application for post-conviction relief must be summarily dismissed because it was filed beyond the applicable statute of limitations, and because it is an improper successive action. Furthermore, the Applicant's allegations and testimony in

> support of are not newly discovered evidence. Accordingly, the
> application is dismissed with prejudice.

[*Id.* at 24.]  Petitioner filed a notice of appeal to the South Carolina Supreme Court on February 25, 2010.   [Doc. 21-26.]   Pursuant to S.C. Appellate Court Rule 243(c), Petitioner's counsel Blanchette filed an explanation to show the existence of an arguable basis that the PCR court improperly concluded the application was successive and untimely.  [Doc. 21-27.]  In her explanation, Petitioner's counsel argued the PCR court's ruling should not be subject to S.C. Appellate Court Rule 243(c) because the PCR court addressed the merits of Petitioner's new evidence claim, or, alternatively, the PCR court's decision was in error because Petitioner established that the evidence was newly discovered.  [*Id.* at 2–3.]

On April 1, 2010, the South Carolina Supreme Court entered its Order of Dismissal. [Doc. 21-29.]  In the order, the Court stated the appeal was dismissed because Petitioner failed to show that there was an arguable basis for asserting the determination by the PCR court was improper.  [*Id.*]  Remittitur was issued on April 19, 2010.  [Doc. 21-30.]

**Habeas Petition in South Carolina Supreme Court**

On July 1, 2010, Petitioner submitted to the South Carolina Supreme Court a pro se pleading styled "Writ of Habeas of Corpus, Article 5, Section 5 SC Constitution." [Doc. 21-31.]  In the petition, Petitioner alleged the solicitor presented false evidence to induce a plea by misrepresenting the physical evidence the prosecution possessed—namely, Petitioner's hand print from the victim's car door, which Petitioner alleged was actually from his own car door.  [*Id.* at 3.]  Petitioner also alleged that the Circuit Court never obtained jurisdiction over him because he was a minor and jurisdiction was not transferred from the

8

family court.  [*Id.*]  He claimed he attempted to raise these issues through PCR, but the print issue was withdrawn by his PCR counsel without his consent and counsel misconstrued the jurisdiction issue.  [*Id.* at 1, 4.]  On July 21, 2010, the South Carolina Supreme Court entered an order denying the petition, concluding Petitioner had not alleged any constitutional violation that, in the setting, constituted a denial of fundamental fairness that was shocking to the universal sense of justice, citing *Simpson v. State*, 496 S.E.2d 429 (S.C. 1998).  [Doc. 21-32.]

**Current § 2254 Petition**

On October 5, 2010, Petitioner filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and amended the Petition on December 2 and 13, 2010.  [Docs. 1, 10, 16.]  Petitioner asserts the following grounds in support of the Petition:

| | |
|---|---|
| Ground One: | Miscarriage of justice, prosecutorial misconduct, *Brady* violation |
| Supporting Facts: | "Solicitor engaged in gross prosecutorial misconduct when he knowingly presented a material false statement to form a factual basis for the plea.  The solicitor knowingly and purposely misrepresented to the court Mr. Daize's [sic] statement (in relation to the palm print supposedly that it was left on the car door by the petitioner as being in the area of the shooter touching the car door of the victim).  Despite Petitioner['s] low IQ 68" |
| Ground Two: | Ineffective assistance of counsel, lack of jurisdiction, miscarriage of justice, due process violation |
| Supporting Facts: | "Petitioner was 16 years of age tried as an adult without being provided any Due Process and immediately tried as an adult without a waiver hearing (No competency evaluation) under The Children Code of Laws, Trial counsel failed to object to general session court Jurisdiction, conflicting Children Code of Laws, and |

9

|  | conflict with Bedrock principles announced by the United States Supreme Court" |
|---|---|
| Ground Three: | Newly discovered evidence, miscarriage of justice, ineffective assistance of counsel |
| Supporting Facts: | "Petitioner was implicated in crime thru false information which was not shown to a magistrate[] Judge to issue arrest warrant, and minor held without counsel/parent/ Found out about this in 2008" |
| Amendment 1: | "Petitioner received ineffective assistance of counsel when counsel fail[ed] to advise Petitioner of a Double Jeopardy violation concerning his plea for attempted arm[ed] robbery and possession of a weapon during the commission of a violent crime. Raised as ground 8 in PCR (1414)." |
| Amendment 2: | "Defense counsel was ineffective for failing to meaningfully inform Petitioner of his right to challenge the admissibility of his statements on appeal if he went to trial, rather th[a]n ple[a]d guilty. There was evidence the statements [were] involuntar[il]y made and Petitioner waived a meaningful issue." |

[Doc. 1, 10, 16.]  Respondent filed a motion for summary judgment on February 4, 2011

[Doc. 23], which is now ripe for review.

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe

his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon*

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less

stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520.  Even under

10

this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the

11

non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i) there is an absence of available State corrective process; or
> >
> >         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

14

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Further, strict time deadlines govern direct appeal and the filing

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

---

at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

17

U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.*

18

at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)

("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent contends the Petition is time-barred pursuant to § 2244(d)(1). The Court agrees.

Petitioner had one year from August 2, 2005, the day his conviction became final following appeal to the South Carolina Court of Appeals, to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). Petitioner's one year period in which to file a federal habeas petition would be tolled during the pendency of an application for post-conviction or other collateral relief properly filed in state court. *Id.* § 2244(d)(2). Accordingly, only Petitioner's

20

state habeas petitions and third PCR application, Petitioner's applications for relief filed after his conviction became final,[4] could possibly statutorily toll § 2244's limitations period.[5]

**Habeas Petition Filed in South Carolina Circuit Court**

The Court finds Petitioner's first state habeas petition, filed in South Carolina Circuit Court on January 3, 2006, tolled the § 2244(d)(1) limitations period.  An application for collateral review of a judgment tolls the limitations period if the application is "properly filed." 28 U.S.C. § 2244(d)(2).  A petition for habeas corpus filed in state court is a type of collateral review within the meaning of § 2244(d)(2). *Wall v. Kholi*, 131 S. Ct. 1278, 1284 (2011) (citing *Rhines v. Weber*, 544 U.S. 269, 272 (2005)).  Further, an application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The laws and rules governing filings "usually prescribe . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*  Such laws and rules are conditions to filing and are different from laws and rules that prescribe a rule of decision, such as a procedural bar, which the United States Supreme Court has recognized are conditions to obtaining relief. *See id.* at 11; *Pace*, 544 U.S. at 417.

---

[4] Petitioner's first and second PCR proceedings were completed before the South Carolina Court of Appeals issued remittitur in Petitioner's direct appeal.

[5] While Petitioner did file a federal habeas petition on November 22, 2005, only 112 days later, the limitations period is not tolled during the pendency of federal habeas actions. 28 U.S.C. § 2244(d)(2) (stating that § 2244(d)(2) tolls the limitations period during the time "a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" (emphasis added)); *Duncan v. Walker*, 533 U.S. 167, 172, 181–82 (2001) (holding that an application for federal habeas review is not an application for State post-conviction or other collateral review within the meaning of § 2244(d)(2)).

Here, Petitioner's first state habeas petition was dismissed because Petitioner failed to meet the conditions required for the court to issue a writ of habeas corpus, which means Petitioner failed to meet the conditions imposed on his ability to obtain relief.  [Doc. 21-15 at 3–5.]  A petitioner who files for a writ of habeas corpus in South Carolina state court must allege (1) he has exhausted all available PCR remedies and (2) sufficient facts to show that other remedies are unavailable or inadequate.  *Gibson v. State*, 495 S.E.2d 426, 428 (S.C. 1998) (citing *Pennington v. State*, 441 S.E.2d 315 (S.C. 1994)).  The petitioner must also allege a constitutional claim that meets the standard given in *Butler v. State*, 397 S.E.2d 87 (S.C. 1990), which states that a writ of habeas corpus will only issue when there has been a constitutional violation, "'which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.'"  *Id.* (quoting *Butler*, 397 S.E.2d at 88).  These requirements do not "go to the very initiation of a petition," *Pace*, 544 U.S. at 417, and, thus, are not filing conditions.  As a result, Petitioner's first petition for state habeas relief was properly filed because there is no indication that Petitioner failed to meet a filing condition; therefore, the limitations period for Petitioner to file a federal habeas petition was tolled during the pendency of his first state habeas petition—from January 6, 2006 until January 31, 2008.

**Expiration of Limitations Period**

Even though the limitations period was tolled during the pendency of Petitioner's first state habeas petition, the Petition is not timely.  When Petitioner filed his first petition for state habeas relief, 154 days of the limitations period had elapsed—from August 2, 2005 until January 3, 2006—leaving 211 days for Petitioner to file a federal habeas petition.  The

judgment in Petitioner's first state habeas petition was final on January 31, 2008; thus, the limitations period began to run again on that date, and by August 29, 2008, Petitioner's remaining time, 211 days, had elapsed. Because Petitioner did not file any applications for relief after the judgment in his first state habeas petition,[6] and Petitioner did not have any other applications for relief pending during his first state habeas petition, no other applications for relief could toll the limitations period. Consequently, the § 2244(d)(1) limitations period ran on August 29, 2008, and the Petition, filed on October 5, 2010, is time-barred.

**Equitable Tolling**

Petitioner failed to show that he is entitled to equitable tolling. The limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). While Petitioner did not explicitly argue that he is entitled to equitable tolling, the Court has considered all of Petitioner's submissions relating to the Petition and finds Petitioner has failed to demonstrate that some extraordinary circumstance stood in his way that prevented him from timely filing the Petition. First, Petitioner did not file any applications for relief for approximately twenty-two months following the District Court's dismissal, without prejudice,

---

[6] An amended order dismissing Petitioner's first state habeas petition was entered on January 31, 2008. [Doc. 21-18.] Petitioner filed his third PCR application on December 19, 2008 [Doc. 21-19] and his second state habeas petition on July 1, 2010 [Doc. 21-31], and he did not file any applications for relief between January 31, 2008 and December 19, 2008.

of Petitioner's first federal habeas petition.[7]  Second, Petitioner did not file any applications

for relief for approximately ten months after the judgment in his first state habeas petition

became final.[8]  However, Petitioner has demonstrated through his several filings that he

knew what avenues for relief were available to him.[9]  Further, Petitioner had 211 days of

statutory time remaining to file a federal habeas petition after judgment was entered with

respect to his first state habeas petition.  Therefore, the Court finds Petitioner is not entitled

to equitable tolling because no extraordinary circumstance prevented Petitioner from timely

filing the Petition.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's

motion for summary judgment be GRANTED and the Petition be DENIED.

---

[7] The District Court dismissed Petitioner's first federal habeas petition without prejudice on February 16, 2007 [Doc. 21 at 16], and Petitioner filed his third PCR application on December 19, 2008 [Doc. 21-19]. The Court notes the argument could be made that Petitioner is entitled to equitable tolling based on the District Court's dismissal, without prejudice, of Petitioner's first federal habeas petition because the limitations period is not tolled during the pendency of federal petitions for post-conviction relief.  *See Duncan*, 533 U.S. at 183 (Stevens, J., concurring) ("[N]either the Court's narrow holding [in *Duncan*], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for [a first federal habeas] petition as a matter of equity.  The Court's opinion does not address a federal court's ability to toll the limitations period apart from § 2244(d)(2)."); *Rodriguez v. Bennett*, 303 F.3d 435, 438–39 (2d Cir. 2002) (proffering example of when equitable tolling may apply in order to entertain a petitioner's second federal habeas petition).  However, the Court finds Petitioner failed to diligently pursue his rights following the judgment in his first state habeas action in a manner that would entitle Petitioner to equitable tolling.

[8] An amended order dismissing Petitioner's first state habeas petition was entered on January 31, 2008.  [Doc. 21-18.]  As previously stated, Petitioner filed his third PCR application on December 19, 2008. [Doc. 21-19], and he did not file any applications for relief between January 31, 2008 and December 19, 2008.

[9] Petitioner filed a total of four PCR applications (two were consolidated and considered together), two state habeas petitions (one in circuit court and one in the South Carolina Supreme Court), and two federal habeas petitions.  Petitioner also demonstrated that he knew he must exhaust state remedies before pursuing federal habeas relief.  [*See* Doc. 21-16.]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 24, 2011
Greenville, South Carolina