IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antonio Gordon, | ) | C.A. No. 8:10-cv-2578-MBS-JDA |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Antonio Gordon is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. On October 5, 2010, Petitioner filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondent's motion for summary judgment filed on February 4, 2011. By order filed February 11, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On April 15, 2011, Petitioner filed a response in opposition to Respondent's motion for summary judgment. In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

**Background**

On October 15, 1998, Petitioner was indicted in the Court of General Sessions for York County, South Carolina for murder, three counts of possession of a firearm during the commission of a violent crime, two counts of attempted armed robbery, possession of a firearm by a person under twenty-one, and criminal conspiracy. On July 19, 1999, Petitioner pleaded

guilty as charged and was sentenced to a total of forty years imprisonment. A timely notice of appeal was filed on Petitioner's behalf. The South Carolina Court of Appeals dismissed the appeal on December 6, 2000. No petition for writ of certiorari was filed with the South Carolina Supreme Court. The court of appeals issued a remittitur on January 9, 2001. ECF No. 21-5, p. 1. However, before the court of appeals ruled on Petitioner's appeal, he filed his first post-conviction relief ("PCR") application on June 15, 2000. Petitioner filed another PCR application on August 21, 2001 after the remittitur was issued, both of which were consolidated into one application. The PCR court denied relief and after the petition was properly appealed, the South Carolina Supreme Court entered an order denying the petition. A remittitur was issued on August 9, 2005. ECF No. 21-8.

On November 22, 2005, Petitioner filed his first habeas action with this court. While this action was pending, Petitioner filed a pro se petition for writ of habeas corpus in York County, South Carolina on January 3, 2006. ECF No. 21-13. On February 14, 2006, Petitioner wrote to the Magistrate Judge requesting that the court dismiss his federal petition without prejudice until the state court ruled on his habeas petition, which would allow Petitioner to exhaust all state remedies. See 28 USC § 2244.

On February 16, 2007, this court entered an order granting the Petitioner's motion to dismiss. Petitioner's state habeas petition became final on February 6, 2008 after the state amended the original order to permit Petitioner to be without prejudice to bring a habeas corpus petition in the original jurisdiction of the South Carolina Supreme Court. ECF No. 21-19, p. 1.

Petitioner filed his third PCR application in state court on December 19, 2008. The PCR application was dismissed as successive and because no item of evidence had been discovered that could not have been discovered at the time of Petitioner's first PCR application. Petitioner

timely appealed. The Supreme Court of South Carolina dismissed the notice of appeal and issued a remittitur on April 19, 2010. Petitioner filed another state habeas petition on July 1, 2010, which was dismissed by the Supreme Court of South Carolina on July 21, 2010.

Petitioner filed this action on October 5, 2010, as his second federal habeas petition. Respondent moved for summary judgment on the grounds the petition was untimely. The Magistrate Judge found that the petition was time-barred under § 2244(d)(1), because more than one year of untolled time had passed since Petitioner's conviction was final and his filing of the herein federal habeas petition. Further, the Magistrate Judge found that Petitioner failed to show that he was entitled to equitable tolling on the grounds that Petitioner waited approximately twenty-two months following the District Court's dismissal of his first federal habeas petition and approximately ten months after judgment in his first state habeas petition before filing any subsequent PCR applications. The Magistrate Judge also reasoned that Petitioner was not entitled to equitable tolling because he demonstrated through his several filings that he knew what avenues of relief were available to him and presented no extraordinary circumstances that prevented him from timely filing the Petition. The Magistrate Judge issued a Report and Recommendation on May 24, 2011, in which she recommended that Respondent's motion for summary judgment be granted and the petition be denied as untimely. Petitioner filed objections to the Report and Recommendation through counsel on June 27, 2011. ("Petitioner's Objections.")

Petitioner makes four specific objections to the Report and Recommendation to challenge the determination that he is not entitled to equitable tolling. Petitioner's objections include that 1) Petitioner has diligently pursued his rights vis-à-vis his § 2254 petition as required for equitable tolling, 2) the court's dismissal without prejudice of Petitioner's first federal habeas

3

petition in violation of Rhines[1] constitutes an extraordinary circumstance that justifies equitable tolling, 3) the court's dismissal without prejudice of Petitioner's first federal habeas petition was misleading to Petitioner and therefore constitutes an extraordinary circumstance to justify equitable tolling, and 4) Petitioner was denied his constitutional right to effective counsel during his first PCR and is entitled to equitable tolling as a result.

**Analysis**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

*Timeliness of Petition Under § 2254(d)*

AEDPA sets forth a one-year statute of limitation on the filing of a federal habeas petition that commences upon the date a conviction becomes final. 28 U.S.C. § 2254(d). Although this limitations period is tolled during the pendency of a state PCR or collateral review, the filing or pendency of a federal habeas petition does not toll the statute of limitations under § 2254(d) even if the district court dismisses the petition without prejudice. See 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 172 (2001). The entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court or expiration of the period of time to seek further appellate review, tolls the one-year limitations

---

[1] Rhines v. Weber, 544 U.S. 279 (2005), which, Petitioner argues, required this court to stay his first federal habeas petition.

period. Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003). However, filing a new collateral review application does not toll the period in between final disposition of an existing PCR application and the filing of the new application, when the new filing is not part of the prior proceeding or does not constitute appellate review. Id.

Petitioner's conviction became final on January 9, 2001, at which point Petitioner had already filed a timely PCR application. The statute of limitations for filing a federal habeas petition was tolled during the pendency of the first PCR application and first began to run on August 9, 2005. Although Petitioner filed his first federal habeas petition on November 22, 2005, the pendency of this federal action did not toll the statute of limitations. Duncan, 533 U.S. at 172.

The time period in between the final disposition of the South Carolina Supreme Court regarding the first PCR application and the filing of the state habeas petition on January 3, 2006 did not toll the one-year limitations period, because the state habeas petition was not part of any prior proceedings. Rouse, 339 F.3d at 243. Therefore, by January 3, 2006, 147 days of the limitation period had lapsed and 218 days were remaining. The state habeas petition was properly filed and thus, the pendency of the action tolled the statute of limitations until the final disposition of the petition, which did not occur until February 6, 2008. The statute of limitations period began again on February 6, 2008 and Petitioner had until September 11, 2008, 218 days later, to file a federal habeas petition. Petitioner did not file a federal habeas petition until October 5, 2010, over two years later.[2]  Therefore, the court concurs with the Magistrate's

---

[2] Petitioner did not file any further collateral review applications until December 19, 2008 when he filed another PCR application in state court. However, the South Carolina Court of Appeals dismissed the application as untimely and successive and the South Carolina Supreme Court affirmed; the remittitur was issued on April 19, 2010. The pendency of this PCR application did not toll the statute of limitations, because an untimely and successive application is not "properly filed." Pace v. Diguglielmo, 544 U.S. 408, 413 (2005); Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Even assuming that this PCR application tolled the limitations period, over three months had passed since the statutory deadline for filing a federal habeas petition before Petitioner even filed this 2008 PCR.

finding that under § 2244(d) the petition was time-barred.

*Equitable Tolling*

1. Petitioner's First Objection

Petitioner's first objection is that he is entitled to equitable tolling because he has diligently pursued his claims. He states that he filed multiple PCR applications and appeals in state and federal court over the course of five years and that any delay in filings can be attributed to the difficulty in crafting a pro se argument while incarcerated and without access to significant legal materials.

A petitioner is entitled to equitable tolling of the limitations period for filing a federal habeas petition if he shows that 1) he has been pursuing his rights diligently and 2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). A petitioner is not diligent if he waited for an unreasonable amount of time before filing a PCR application or waited for an unreasonable amount of time after the PCR proceedings became final before seeking relief in federal court. Pace, 544 U.S. at 419. For the purposes of equitable tolling, extraordinary circumstances include, but are not limited to, conduct beyond the petitioner's control, including egregious misconduct by his attorney or misleading conduct by the district court. Id. at 2564.

The court finds that Petitioner did not pursue his claims diligently. He waited more than two years after the statutory deadline to file his federal habeas petition. Petitioner argues that he was diligently pursuing his state claims during that two-year period; however, Petitioner had already filed two PCR applications and one state habeas petition and had received final dispositions dismissing all of them. Therefore, Petitioner was familiar with the state collateral review procedures and had ample opportunities to raise his claims in state court without letting

the statute of limitations for his federal habeas petition lapse. His successive filings in state court do not necessarily indicate diligence because he waited more than three months after the statute of limitations period had lapsed before filing any collateral review applications.

2. Petitioner's Second and Third Objections

Petitioner contends that this court's dismissal without prejudice of Petitioner's first federal habeas petition was improper under Rhines and otherwise misleading conduct by the district court, thereby constituting an extraordinary circumstance. Petitioner argues that under Rhines, this court in reviewing Petitioner's first habeas petition was required to stay his mixed petition, those containing exhausted and unexhausted claims, while Petitioner exhausted state remedies, because there was "good cause" for Petitioner's failure to exhaust his state claims. Petitioner concedes that he specifically requested that the court dismiss the petition without prejudice and did not request a stay, but argues that the district court should have granted a stay anyway, because the elements from Rhine were present. Further, Petitioner argues that the Supreme Court's procedure in Rose v. Lundy of dismissing mixed petitions without prejudice had been abrogated. 455 U.S. 507 (1982).

The Supreme Court in Rose set forth the complete exhaustion rule and held that a district court must dismiss mixed petitions containing exhausted and unexhausted claims without prejudice, leaving the petitioner with the choice of returning to state court or amending his petition to present only exhausted claims to the district court. Id. However, district courts are not required to give pro se petitioners warnings regarding the statute of limitations period for filing a federal habeas petition before dismissing their petitions without prejudice. Pliler v. Ford, 542 U.S. 225, 231 (2004). Rose was decided before AEDPA's one-year statutory deadline came into effect, after which the Supreme Court recognized that strict appliance of Rose had the

7

unintended consequence of time-barring many properly filed mixed habeas petitions that were pending with the district court for over a year of untolled time before being dismissed. Rhines v. Weber, 544 U.S. 279 (2005).

In Rhines, the Court was concerned with situations where district courts were dismissing timely habeas petitions without prejudice close to the statutory deadline or in many cases, after the statute of limitations period for filing a federal habeas petition had lapsed, time-barring petitioners from actually returning to federal court to seek relief. In such a case, "without prejudice" has little meaning, so the Court held that district courts have discretion to stay a timely mixed federal habeas petition to allow petitioner to return to federal court after exhausting state remedies without running into the statutory filing deadline. Id. at 277. However, in order for a district court to exercise such discretion, a petitioner must show good cause for failure to exhaust claims in state court and that his unexhausted claims are potentially meritorious. Where these elements are present, a district court should grant a stay, limited in duration, if a dismissal would unreasonably impair the petitioner's right to return to the district court and obtain federal relief. Id. at 277-278.

Rhines did not completely abrogate Rose; district courts can now either dismiss mixed petitions without prejudice or stay the petition if the circumstances outlined in Rhine apply. Lyles v. Warden, Lee Correctional Institution, No. 4:08-1884-PMD, 2009 WL 3007377, at *6 (D.S.C. Sept. 1, 2009). However, a district court's failure to apply the stay and abeyance procedure to an applicable mixed habeas petition when it would unreasonably impair the petitioner's right to obtain federal relief can be an extraordinary circumstance justifying equitable tolling. Pettinato v. Eagleton, 466 F. Supp. 2d 641, 655 (D.S.C. 2006).

The court finds no merit in the Petitioner's Objections. The district court did not err or

8

mislead Petitioner by failing to apply or misapplying Rhine; rather, the court was within its discretion to dismiss Petitioner's first habeas petition without prejudice. Based on the record currently before the court, Petitioner had a PCR application pending when the district court dismissed Petitioner's first federal habeas petition without prejudice, which tolled the limitations period. Even after the dismissal, Petitioner had 218 days after the final disposition of his PCR application to re-file his federal habeas petition. In Lyles, the district court found that dismissing a mixed petition without prejudice was appropriate where the petitioner still had 265 days of non-tolled time remaining to seek state collateral review prior to filing a new federal habeas petition. As such, there was no indication that the district court's dismissal of Petitioner's first habeas petition would unreasonably impair Petitioner's right to obtain relief, unlike the situation contemplated in Rhine. Therefore, the court was not required to employ the stay and abeyance procedure outlined by Rhine and was within its discretion to dismiss the petition without prejudice.

     The district court did not mislead Petitioner by dismissing his first habeas petition without prejudice. It is important to note that Petitioner could have requested a stay, but instead requested a dismissal without prejudice. The court had no reason to second-guess the Petitioner's request, as suggested in Petitioner's Objections, given that over 200 days were remaining within the limitations period when the district court dismissed the case. The district court had no duty to warn Petitioner of any implications that the dismissal would have on the statute of limitations period. Pliler v. Ford, 542 U.S. 225, 231 (2004). Rhine makes clear that district court's exercise of the stay and abeyance procedure must contain time limitations such as a 30 or 60 day limit for petitioner to return to state court and a similar time limit for returning to federal court after the state proceedings are concluded. In this case, Petitioner had more than 200

9

days to act, presumably more time that the district court would have provided had it employed the stay and abeyance procedure.

In Pettinato v. Eagleton, 466 F. Supp. 2d 641, 655 (D.S.C. 2006), the court found that a district court's failure to stay a habeas petition violated Rhine when the court failed to consider the fact that a second pending PCR application was improperly filed. In this case, however, the Petitioner's pending PCR application was properly filed and was tolling the limitations period pending the court's dismissal. In United States v. Patterson, 211 F.3d 927 (5th Cir. 2000) and Graf v. Moore, No. 04-1041, 2007 WL 245124 (3d Cir. Jan. 30, 2007), cited to in Petitioner's Objections, the district courts misled the respective petitioners by dismissing timely mixed federal habeas petitions without prejudice after the statute of limitations had already passed. In this case, ample time remained in the limitations period when the court dismissed Petitioner's first federal habeas cases. The court concludes that it did not mislead Petitioner within the meaning of Rhine by dismissing his first habeas petition.

3. Petitioner's Fourth Objection

Petitioner argues that his first PCR counsel failed to raise several arguments Petitioner requested that he raise, thus requiring Petitioner to file successive PCR applications to ensure that all of his claims were raised. Petitioner contends that his PCR counsel was ineffective, and that this ineffective performance constitutes an extraordinary circumstance entitling Petitioner to equitable tolling. Petitioner's Objection is without merit. There is no right to counsel during state collateral proceedings even if a PCR is the first time a petitioner can raise ineffective assistance of counsel. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997). As there is no right to counsel at the PCR level, ineffective assistance of counsel in and of itself does not constitute an extraordinary circumstance.

Furthermore, even though egregious attorney conduct can constitute an extraordinary circumstance to justify tolling, Petitioner has presented no such evidence. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner's allegation that PCR counsel failed to raise certain issues that Petitioner requested be raised does not rise to the level of egregious misconduct to justify equitable tolling. The first PCR application was properly filed. As such, the pendency of the application tolled the statute of limitations which did not begin until the application was dismissed, still giving Petitioner a full year to file subsequent collateral review applications before returning to federal court. Petitioner's dissatisfaction with his first PCR counsel did not prejudice Petitioner with regard to the statute of limitations for filing a federal habeas petition. Considering all of Petitioner's objections, no extraordinary circumstances exist that would justify equitable tolling in this case.

## Conclusion

After a thorough review of the Report and Recommendation, the Petitioner's Objections, the record in its entirety, and the applicable law, the court concurs in the recommendation of the Magistrate Judge. Respondent's motion for summary judgment is granted and the petition for writ of habeas corpus is DENIED.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive

11

procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

                                                   s/ Margaret B. Seymour
                                                   The Honorable Margaret B. Seymour
                                                   United States District Judge

September 30, 2011
Columbia, South Carolina