IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Gordon, ) | |
|                        Petitioner, ) | C/A No. 8:10-2578 |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Leroy Cartledge, ) | |
|                        Respondent. ) | |

Petitioner Antonio Gordon is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at the Allendale Correctional Institution in Fairfax, South Carolina.

Petitioner pleaded guilty on July 19, 1999, in the Court of General Sessions for York County, South Carolina, to murder, three counts of possession of a firearm during the commission of a violent crime, two counts of attempted armed robbery, possession of a firearm by a person under twenty-one, and criminal conspiracy. Petitioner was sentenced to forty years incarceration. Petitioner appealed his sentence to the South Carolina Court of Appeals, which appeal was dismissed on December 6, 2000. The remittitur was issued on January 9, 2001.

Petitioner filed for post conviction relief (PCR) on June 15, 2000 and August 21, 2001. The PCR applications were consolidated and Petitioner was appointed counsel. An evidentiary hearing was held on July 29, 2003. On August 18, 2003, the PCR judge issued an order denying and dismissing Petitioner's applications with prejudice. A Johnson petition for writ of certiorari was filed on Petitioner's behalf on July 19, 2004. See Johnson v. State, 364 S.E.2d 201 (S.C. 1988). In addition, Petitioner filed a pro se petition. The South Carolina Supreme Court denied the petition

by order dated July 21, 2005. The supreme court issued its remittitur on August 9, 2005.

On November 22, 2005, Petitioner filed a petition with this court pursuant to 28 U.S.C. § 2254. While the § 2254 petition was pending, Petitioner filed a pro se petition for writ of habeas corpus in York County, South Carolina. Petitioner moved to have his § 2254 petition dismissed to allow him to exhaust his state remedies. Petitioner's § 2254 petition was dismissed on February 16, 2007. The state habeas petition was denied and dismissed with prejudice on April 30, 2007, as amended by order filed February 6, 2008.

On October 5, 2010, Petitioner filed with this court his second § 2254 petition. Respondent Warden Leroy Cartledge filed a motion for summary judgment on February 4, 2011. On September 30, 2011, the court granted Respondent's motion, finding that Petitioner's § 2254 petition was time barred by the one year limitations period set forth in 28 U.S.C. § 2244(d). The court noted that Petitioner's time was tolled until the South Carolina Supreme Court issued its remittitur regarding the PCR judge's ruling on August 9, 2005. See 28 U.S.C. § 2244(d)(2). Thereafter, 147 days of untolled time passed until Petitioner filed his state habeas petition on January 3, 2006. Petitioner's time again was tolled pursuant to § 2244(d)(2) until February 6, 2008, when the state habeas petition was fully adjudicated. At that point, Petitioner had 218 days, until September 11, 2008, to file his § 2254 petition. However, Petitioner did not file his § 2254 petition until October 5, 2010, over two years out of time.

Among other things, Petitioner argued that he was entitled to equitable tolling because PCR counsel failed to raise ineffective of trial counsel claims, thus requiring Petitioner to dismiss his first § 2254 petition in order to pursue state remedies. The court rejected Petitioner's argument, observing that there is no right to counsel during state collateral proceedings, even if PCR is the first

time a petitioner can raise issues of ineffective assistance of trial counsel. See Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997).

Petitioner filed a notice of appeal to the Court of Appeals for the Fourth Circuit on October 6, 2011. The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal by opinion filed May 16, 2012.

This matter now is before the court on Petitioner's motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b)(6), which provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for [certain enumerated reasons and] any other reason that justifies relief." Petitioner contends that the court's September 30, 2011 order should be vacated and Petitioner be allowed to assert claims of ineffective assistance of trial counsel in accordance with Martinez v. Ryan, 132 S. Ct. 1309 (2012). The court disagrees.

In Martinez, an inmate contended in a § 2254 petition that he received ineffective assistance of trial counsel, but that his post-conviction counsel did not raise the ineffective-assistance claim in the state collateral proceeding. The inmate argued that, because the state collateral proceeding was the first place to challenge his conviction on grounds of ineffective assistance of trial counsel, he possessed a constitutional right to an effective attorney in the collateral proceeding. Id. at 1313. The Martinez Court acknowledged the general rule that there is no constitutional right to counsel in collateral proceedings. Id. at 1316 (citing Coleman v. Thompson, 501 U.S. 722, 753-54 (1991)). However, the Court also observed that where the collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." Id. at 1317. The Court determined that within the context of such a state procedural framework, a

3

post-conviction relief counsel's ineffectiveness qualifies as cause for a procedural default. Id. at 1318. The Court ultimately held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320. The Court further held that a prisoner must demonstrate that his claim of ineffective assistance of trial counsel is substantial. Id. If a prisoner can meet the burden of showing the post-conviction counsel was ineffective for failing to raise a potentially meritorious claim of ineffective assistance of trial counsel, and that he was prejudiced as a result,[1] a federal habeas court may disregard the procedural bar to consider the merits of trial counsel's deficient performance. Id.

As Petitioner correctly notes, South Carolina requires claims of ineffective assistance of trial counsel to be raised for the first time in a PCR application. Petitioner contends that PCR counsel was ineffective for failing to raise certain ineffective assistance of trial counsel and jurisdictional claims. Petitioner further contends that, absent PCR counsel's deficient performance, he would have not been compelled to dismiss his first § 2254 petition in order to pursue additional state remedies. Thus, according to Petitioner, PCR counsel's deficient performance provides cause to allow the court to ignore the procedural bar in order to consider his claims of ineffective assistance of trial counsel. Moreover, Petitioner contends that PCR counsel's deficient performance constitutes grounds for the court to disregard the one-year limitations period in § 2244(d).

As an initial matter, Petitioner's Rule 60(b) motion is functionally equivalent to a successive

---

[1] A prisoner seeking to avoid a procedural bar must show both cause and prejudice. Coleman, 501 U.S. at 750.

§ 2254 petition. This is because Petitioner continues his collateral attack on his sentence through claims of ineffective assistance of trial counsel. As such, Petitioner's Rule 60(b) motion must be treated as a successive § 2254 petition for which Petitioner must seek authorization from the Fourth Circuit. See 28 U.S.C. § 2244(b)(3); United States v. Winestock, 340 F.3d 200, 205-07 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(a)).

Petitioner appears to argue that Martinez created a new rule of constitutional law retroactive on collateral review such that his successive § 2254 petition should not be dismissed. See 28 U.S.C. § 2244(b)(2)(A). To the contrary, federal courts have uniformly determined that Martinez did not establish a new rule of constitutional law. See, e.g., Chavez v. Secretary, 742 F.3d 940 (11th Cir. 2014); Pagan-San Miguel v. United States, 736 F.3d 44 (1st Cir. 2013); Buenrostro v. United States, 697 F.3d 1137 (9th Cir. 2012).

Petitioner also appears to argue that Martinez provides a means of equitably tolling his failure to comply with the one-year limitations period. "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Spencer v. Sutton, 239 F.3d 626, 629 (4th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000)). Thus,

> equitable tolling is available only in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result. It is appropriate when, but only when, extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.

Id. at 630 (quoting Harris, 209 F.3d at 330) (internal quotation marks and citations omitted).

Courts addressing the issue have concluded that Martinez is inapplicable to the determination of untimeliness, but created only a narrow exception to procedural default. See, e.g., Russell v.

5

Hobbs, 2014 WL 1092286 (W.D. Ark. March 18, 2014); Dixon v. Bartkowski, 2013 WL 5730152 (D.N.J. Oct. 21, 2013); Stromberg v. Varano, 2012 WL 2849266 (E.D. Pa. July 11, 2012); cf. Arthur v. Thomas, 739 F.3d 611, 633 (11th Cir. 2014) ("Even assuming that the Martinez rule changed or even affected in some way the decisional law about [the] statute of limitations and equitable tolling, any such change in law is not an extraordinary circumstance warranting relief under Rule 60(b)(6).").

For all these reasons, Petitioner's Rule 60(b) motion is **denied**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 12, 2014

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**